L. R. MORRIS, *ex dem.*

LUDLOW

*vs.*

JOHN GILL.

September
term, 1790.

Ludlow
vs.
Gill.

Ejectment for lands in Weathersfield, originally granted to H. Wentworth, H. W. conveyed to G. Alexander, the 9th of April. 1767 ; G. A. to Ludlow, 6th June, 1767. H. W.'s deed to G. A., proved and recorded May 12th, 1787, and also the deed to Ludlow, as appeared in evidence on the part of the plaintiff.

Plaintiff's title

On the part of the defendant, a deed was produced from H. W. to E. Bean, dated 28th Dec., 1780, acknowledged and recorded soon after. 2d. A deed from E. Bean to Gill and others, dated Dec. 28, 1781, acknowledged and recorded.

Defendant's title.

It was proved on the part of the plaintiff, that Bean, and the purchasers under him, had some time before Bean's purchase from H. W., full and repeated notice of Ludlow's title from H. W. through Alexander.

Defendant had notice of the lessor's title.

It was insisted that by the statute of this State, the legal title was in the vendees of Bean, as his deed was first recorded.

But the Chief Justice, in his charge to the Jury, gave it as his opinion, in which Judge Knight, the other judge present, agreed—that though Bean had taken advantage of the legal form required by statute, in first registering or recording his deed ; yet as both B. and his vendees had notice of Ludlow's title, which was an equitable one, the whole is fraudulent as against Ludlow. That it would be mischievous to allow such fraudulent acts to prevail in a court of law, only to turn the parties over to a court of equity, where they would be immediately set aside.

Charge to the Jury.

A deed first recorded may be postponed by reason of its being fraudulently obtained. 1 Burr. 467. Worfley, et al, assignees of Slader vs. Demattos and Slader.

4

Ludlow
vs.
Gill.

Fraud invalidatee at law, as well as in equity.
1. Burr., 397.
Bright, executor of Crisp, vs. Eynon.
Fraud cannot be protected by a statute.

Fraud, if fully proved, invalidates every transaction as well at law as in equity. Nor can a man validate a fraudulent act, by bringing it under the letter of a statute, any more than under the letter of a rule of the common law. Had there been a *bona fide* sale, in this case, to third persons, without notice, it might have had another consideration.

Accordingly the Jury found for the plaintiff.

September
term, 1790.

Verdict for the plaintiff.